IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.                                                                       OPINION & ORDER

RICHARD D. HALVERSON and                           15-cv-218-jdp
JEFFERSON COUNTY TREASURER,

                Defendants.

---

Defendant Richard D. Halverson has not been paying his taxes. And so the United States of America filed suit against Halverson to: (1) reduce to judgment federal income, employment, and unemployment tax assessments made against Halverson; (2) enforce federal tax liens against Halverson's property; (3) obtain an order authorizing sale of Halverson's property; and (4) distribute the proceeds from the sale. The United States named the Jefferson County Treasurer as a defendant in this case pursuant to 26 U.S.C. § 7403(b), because the county may claim an interest in Halverson's property.

Now the United States has moved for summary judgment. Dkt. 19. Halverson filed a letter stating that he does not oppose the motion. Dkt. 23. Accordingly, the court will grant the motion and enter judgment against Halverson.

UNDISPUTED FACTS

The United States offers the following undisputed facts to demonstrate Halverson's outstanding tax liabilities.

Halverson has outstanding federal income tax liabilities for tax years 1998-2004 and 2006-2011. He eventually filed tax returns for these years, showing unpaid taxes due. A

delegate of the Secretary of the Treasury assessed his self-reported tax liability, interest, and penalties. The IRS sent Halverson notice of the assessments and made demands for payment.

Halverson also has outstanding federal employment tax liabilities. Halverson did not timely file federal employment tax returns for his business, Belmont Casino, for the tax periods ending June 30, 2001, September 30, 2001, December 31, 2001, June 30, 2002, September 30, 2002, December 31, 2002, June 30, 2009, and September 30, 2010. He eventually filed tax returns for these periods, and he timely filed his tax return for the period ending December 31, 2011, showing unpaid taxes due. A delegate of the Secretary of the Treasury assessed Halverson's self-reported tax liability, interest, and penalties. The IRS sent Halverson notice of the assessments and made demands for payment.

Finally, Halverson has outstanding federal unemployment tax liabilities for tax years 1999-2002, 2004, and 2011. A delegate of the Secretary of the Treasury assessed liability based on Halverson's self-reported liability, and assessed interest and penalties. Despite notices and demands for payment, Halverson has not paid the amounts he owes.

As of June 30, 2016, Halverson's outstanding federal tax liabilities are: (1) $199,079.87 in income tax liabilities, interest, and penalties; (2) $35,000.76 in federal employment tax liabilities, interest, and penalties; and (3) $6,714.48 in federal unemployment tax liabilities, interest, and penalties.

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1340, 1345.

## ANALYSIS

The court must grant summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.*

The United States has submitted ample evidence to support the judgment it requests, including IRS Forms 4340 for each tax period at issue. These forms largely corroborate the figures that the United States has offered.[1] The forms do not corroborate the final balances that the United States has identified, but Revenue Officer Allison Karwoski has testified to calculating those balances. "Tax deficiency assessments are considered to be presumptively correct which places the burden on the tax payer to show the assessment is incorrect to the taxpayer." *United States v. Feda*, No. 05-cv-1767, 2006 WL 897887, at *2 (N.D. Ill. Apr. 3, 2006) (citing *Pittman v. Comm'r*, 100 F.3d 1308, 1313 (7th Cir. 1996)). The United States relied on Halverson's own reports to calculate his tax liabilities, and he has not disputed the figures the United States offers.

---

[1] The court notes two inconsequential discrepancies in the United States's submissions. First, in Revenue Officer Allison Karwoski's federal employment tax liabilities table, Dkt. 21, at 4, the "amount of tax assessment" for the September 2002 tax period should be $2,268.42, as opposed to $2,268.41. *See* Dkt. 21-18, at 2. Second, in the federal unemployment tax liabilities table, Dkt. 21, at 5, the "amount of tax assessment" for the 2004 entry should be $63.60, as opposed to $64.60. *See* Dkt. 21-27, at 2.

Nor does Halverson dispute that the tax liens attach to his property (29 Sherman Avenue West, Fort Atkinson, Wisconsin, and two adjoining lots without street addresses ("Lots 2 & 3 of Wm. J. Barrie's addition to the Village, now City of Fort Atkinson")). The court will enforce the liens against the property, pursuant to 26 U.S.C. §§ 6321, 6322 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."). The court directs the United States to submit, by August 30, 2016, a proposed order of sale with a provision directing the proceeds of the sale to be distributed, as appropriate, to the Jefferson County Treasurer and the United States.

ORDER

IT IS ORDERED that:

1. Plaintiff the United States of America's motion for summary judgment, Dkt. 19, is GRANTED. Defendant Richard D. Halverson is liable to the United Sates for unpaid federal income, employment, and unemployment taxes, interest, and penalties totaling $240,795.11, plus interest and other statutory additions that may accrue from June 30, 2016, until the judgment is paid in full.

2. These federal tax liens attach to plaintiff's Fort Atkinson, Wisconsin property.

3. By August 30, 2016, the United States will submit a proposed order of sale.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge